ALHAMBRA ADDITION WATER CO. v. RICHARDSON
and Others.

No. 11,509; November 30, 1886.

12 Pac. 343.

**Waters — Irrigating   Ditch — Injunction—Estoppel.**—Plaintiffs
derive title to the water of a canyon from W., who, while owner,
represented to one of the defendants, who he knew was thinking of
purchasing certain land, that the right to use water from said canyon
therefor was appurtenant thereto. Defendant therefore purchased the
land. Subsequently plaintiff's grantors, in order to save waste, pro-
posed to run a pipe across defendant's land. Defendant assented on
condition that the pipe should be so laid that he should be enabled
to use therefrom the quantity of water to which he had theretofore
been entitled. This was done, and defendants used the same until
the bringing of this action. Held, that the plaintiff was estopped
from interfering with the rights acquired by the defendants to the
use of the pipe, and its appurtenances, as long as the same remain
as conduit of the water over their land.

APPEAL from Superior Court, Los Angeles County.

The court below adopted findings of the jury, and made
findings of its own, to the following effect: That plaintiff is
the owner of all the water rising and flowing in that canyon,
in the county of Los Angeles, known as the "Kewen Mill"
or "Lake Vineyard Canyon," as alleged in the complaint,
and of the right to use and appropriate the same, except that
portion thereof belonging to the defendants; and, further, is
the owner of the dams, ditches, reservoirs, and pipes that con-
vey said water, subject to the right of the defendants to use
the same for the purpose of taking the waters belonging to
them; that the principal aqueduct used by plaintiff for con-
veying the water is an iron pipe passing through defendants'
land; that J. H. Carpenter, a prior occupant of the Richard-
son place, asserted a right to use water from Kewen canyon,
and had a license from B. D. Wilson, under whom plaintiff
claims; that Richardson used the water from 1867, uninter-
ruptedly, under a claim of right, peaceably, adversely, exclu-
sively, and continuously; that plaintiff and its grantor have
known of defendants' claim, and have acquiesced therein;

that defendant Richardson, before purchasing his lands, inquired of B. D. Wilson whether the water right claimed by defendant was appurtenant to the land, for the purpose of determining whether he would buy the premises; that Wilson, knowing that such was Richardson's purpose, and being then the owner of all the rights claimed by plaintiff, stated that such water right was appurtenant to said land, and Richardson, because of that admission, purchased the land, and made valuable improvements thereon; that but for that statement he would not have made the purchase; that defendants, since 1870, used the water in question for the purpose of irrigation, and for domestic and stock purposes; that the quantity requisite therefor is two and one-third inches, under a pressure of four inches; and that defendants' claim has been asserted and maintained by defendants, and their predecessors, openly, notoriously, under a claim of right, and adversely to all the world, for twenty years.

On which findings of facts the court found this conclusion of law: That "the plaintiff is the owner of all the water rights set out and claimed in the complaint herein, and also of all pipes, ditches, aqueducts, and reservoirs appertaining thereto, as described in the complaint, except a constant flow of the waters of said canyon of two and one-third inches, measured under a four-inch pressure, on defendants' said premises, which said quantity of water belongs to defendants for uses upon the lands belonging to them, as hereinbefore found; and that defendants are entitled to the use of said pipes, ditches, aqueducts, and reservoirs for the purpose of storing, preserving, and conducting the same upon their said land, for the purposes aforesaid, and the right to take said water from said pipe, as now constructed, at any point upon their said land''; and directed a decree accordingly.

The appellants, on their appeal, relied on the following points:

(1) The findings did not cover all the issues, since defendants in their answer claim under an agreement made in 1875, when the pipe was put through defendants' land, that defendants might tap the pipe, and use the water; and also that plaintiff is barred by section 318, Code of Civil Procedure.

(2) The findings were not justified by the pleadings, since defendants' utmost claim was that plaintiff's grantors agreed

that defendants might tap the pipe, and use water therefrom, while the findings make plaintiff's ownership subordinate to defendants' right to use the dams, etc., for the purpose of taking water from Kewen canyon.

(3) The findings are contradictory, since at one place it is found that defendants' grantors used the water under a license from B. D. Wilson, and at another that defendants and their grantors, for more than twenty years (which carries us back to a time anterior to Carpenter's selling out to Richardson), have had the open, notorious use of the water, under a claim of right, and adversely to the whole world.

(4) The judgment is not warranted by the findings, nor the pleadings. It adjudges ownership of the waters and dams, etc., used in diverting the same, excepting that defendants own two and one-third inches of water, and are entitled to use the plaintiff's dams, etc., for the purpose of conducting, storing, and preserving the same, while the prayer of the answer asks for no such judgment; and the answer sets up the agreement that defendants might use the water, made at the time the pipe was laid, which was simply a license. The judgment is not warranted by the findings, because the court does not find that defendants owned the pipe, dam, etc.

(5) The findings are not supported by the evidence, which is discussed at great length.

(6) Errors of law at the trial, excepted to by plaintiff. Defendants Richardson and Hutchinson claimed that they had a right to the water, under Mr. Wilson's deed to Hutchinson, as appurtenant to the land conveyed. Plaintiff offered to prove declarations of Mr. Wilson concerning the water right of the place prior to the making of the deed. Defendants objected, and the objection was sustained.

Chapman & Hendrick, Glassell, Smith & Patton and T. B. Bishop for appellant; Wells, Van Dyke & Lee and Bicknell & White for respondents.

FOOTE, C.—This action was brought with a view of obtaining a judgment affirming to the plaintiff the whole of the right, title, and interest in and to certain waters mentioned in the complaint, as well as to the pipe which conducted said waters over the defendants' land, as also to the waterworks

and appurtenances thereto belonging. An injunction was prayed for, restraining the defendants from tapping the pipe and taking water therefrom, or in any other manner interfering with or diverting the same.

The defendants' demurrer to the complaint was overruled, and then they answered, stating substantially that they owned a certain tract of land over which the pipe was conducted, and were entitled to take a sufficient amount of water therefrom to irrigate said land, and that such privilege they have exercised for more than sixteen years, adversely, openly, notoriously, and uninterruptedly, under a claim of right. And with a view, evidently, to show an estoppel in pais as to the plaintiff's right to dispute the defendants' claim as aforesaid, the answer sets forth, in brief, this state of facts:

That before Richardson, one of the defendants, purchased the land upon which he claims the right to the use of said water, he asked Mr. Wilson, upon whose land the spring was situated from which the water took its rise and naturally flowed, whether that land, now called the "Richardson Place," was entitled to sufficient of that water for the purposes of its irrigation, and for the domestic uses of its occupants, and that Mr. Wilson, with a knowledge and understanding of the object of the inquiry and of the surroundings, stated that such land was entitled to such water, and that, relying upon this statement of Wilson, Richardson purchased from Hutchinson, his codefendant, an interest in the "place" in good faith, and put thereon various valuable improvements; that for many years after that time, and up to the year 1875, the water in question flowed to the said premises in and through an open ditch; that this resulted in a waste of water; hence, for the purpose of preventing such waste, the plaintiff's predecessors in interest, who were entitled to all the waters flowing from said source on Wilson's land, except that acquired by defendants as aforesaid, concluded to dispense with the exposed conduit, and to run the water through an iron pipe; to this desire, expressed to them on the part of the plaintiff, the defendants assented, upon condition that the pipe should be so laid as that the latter would be enabled to use therefrom a quantity of water sufficient to irrigate their lands, which was the portion thereof to which they had theretofore been entitled; that upon this agreement

the pipe was put down in 1875, and hydrants attached thereto for the defendants' use; and that such hydrants have ever since been used by them for the taking from the pipe the amount of water which they then, and for many years before had, claimed as their own.

The issues thus raised were submitted to a jury, and were passed upon by them favorably to the defendant. The trial court adopted such findings, and added others as to matters not fully covered by the interrogatories upon the subject submitted to the jury.

Upon all the findings, judgment was rendered for the defendants, upholding their claim to a certain portion of the water in dispute, and, as an incident thereto, the use, and an interest in it (so long as the pipe should remain as constructed; that is, so long as it should remain as a conduit of the water over and through their land, and to the waterworks, which were necessary to its being run through said pipe), sufficient to enable the defendants to take from the pipe, and make use of it, at any point on their land, the quantity of water which of right belonged to them. At least, such is the proper construction of the language of that judgment as it appears to us.

The evidence, conflicting as it is, does not warrant a disregard of those findings. From the record, it appears in evidence, on the part of the defendants, that, under an agreement between the parties to this action, the defendants consented to discontinue the wasteful use of the water through the ditch, and allow the same to be conducted over their land by the plaintiff in a pipe, upon condition that the former might tap the pipe, and take the water which they then were, and had for many years been, the owners of, at any point on their said land, that this agreement was executed by both parties thereto, and that such execution has been continuous and uninterrupted for many years.

The findings of the court, as we think, are sufficient at least to show that it passed upon the issue raised, and believed such facts to be true. Hence it would appear that, as a matter of law, the plaintiff should be estopped from any interference with the rights acquired by the defendants to the use of the pipe, and its appurtenances, as long as the former remains a conduit for the water over the defendants' land,

and that the defendants are entitled to tap said pipe, and use the water, which they are declared to be owners of, so long as said pipe remains, with its appurtenances, as "now constructed." It therefore becomes unnecessary to pass upon any of the other questions arising upon the record, as the issue thus properly made by the pleadings, and found in favor of the defendants, entitles them to the judgment, as we understand its meaning.

The judgment and order denying a new trial should be affirmed.

We concur: Belcher, C. C.; Searls, C.

By the COURT.—For the reasons given in the foregoing opinion the judgment and order are affirmed.